13-2462-cr
United States v. Rojas

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand fourteen.

PRESENT: RALPH K. WINTER,
REENA RAGGI,
SUSAN L. CARNEY,
*Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                      No. 13-2462-cr

ALEXI ROJAS, aka Sealed Defendant 2, aka Hermano,
*Defendant-Appellant*,

RAFAEL ROJAS, aka Sealed Defendant 1, aka Ke-Kay, ALVIN VICIOSO, aka Sealed Defendant 3, aka Noni, EDGAR FELICIANO, aka Sealed Defendant 4, aka Eggie, ARISTEDES COLUMBIE, aka Sealed Defendant 5, aka Tito, JOSE VARGAS SANTOS, aka Sealed Defendant 6, aka Tio, aka Jose L. Colon, JOSHUA NUNEZ, aka Sealed Defendant 7, aka Primo, FREDDY BRATCHER, aka Sealed Defendant 8, FNU LNU, aka Sealed Defendant 9,
*Defendants.*[*]

------------------------------------------------------------------------

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

1

APPEARING FOR APPELLANT: HENRY J. STEINGLASS, ESQ., New York, New York.

APPEARING FOR APPELLEE: BRIAN JACOBS (Hadassa R. Waxman, Brent S. Wible, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 10, 2013, is AFFIRMED.

Defendant Alexi Rojas stands convicted of violating a condition of supervised release prohibiting use of controlled substances, which was imposed as a result of his earlier conviction of conspiracy to distribute and possess with intent to distribute at least 500 grams of cocaine and at least 100 grams of heroin. See 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846. Rojas both challenges his violation conviction and contends that his 24-month above-Guidelines prison sentence was procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Conviction Challenge

A district court may revoke supervised release and require the defendant to serve a prison term if the court "'finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'" United States v. Glenn, 744 F.3d 845, 847

2

(2d Cir. 2014) (quoting 18 U.S.C. § 3583(e)(3)). "A district court's finding that a defendant has violated conditions of supervised release is reviewed for abuse of discretion, and its factual findings are reviewed for clear error." Id. (internal citations omitted).

Rojas contends that the district court erred in finding him to have violated his supervision in the absence of evidence of the laboratory procedures used to determine that the sweat patch Rojas was wearing tested positive for cocaine. We disagree. The Federal Rules of Evidence do not apply at supervised release revocation hearings; rather, a district court's preponderance findings need be based only on "'verified facts' and 'accurate knowledge.'" United States v. Bari, 599 F.3d 176, 179 (2d Cir. 2010) (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)); see Fed. R. Evid. 1101(d)(3). That requirement was satisfied here where the district court found that Rojas used cocaine after (1) examining the laboratory report documenting the positive test and (2) crediting testimony from Rojas's probation officer, the technician who applied and removed the sweat patch, and an expert familiar with the laboratory's procedures, who opined that they yield highly accurate results. Moreover, the district court found Rojas's testimony that the sweat patch may have been contaminated by environmental conditions not credible in light of the large amount of cocaine detected in the sweat patch. "We accord strong deference to a district court's credibility determinations, particularly where that court based its findings on such determinations." United States v. Carlton, 442 F.3d 802, 811 (2d Cir. 2006). In sum, we identify no error in the district court's determination that Rojas had violated his supervised release by using cocaine.

2.     Sentence Challenge

       a.     Procedural Reasonableness

       "The standard of review on the appeal of a sentence for violation of supervised release is . . . the same standard as for sentencing generally: whether the sentence imposed is reasonable."   United States v. McNeil, 415 F.3d 273, 277 (2d Cir. 2005).   Rojas argues that his sentence is procedurally unreasonable because the district court (1) gave insufficient weight to the recommended sentencing range in the applicable Guidelines policy statements and did not sufficiently explain its reasons for varying above the range; (2) did not address the need to avoid unwarranted disparities among similarly situated defendants; (3) did not address the Guidelines Application Note requiring consideration of substance abuse programs for defendants who fail drug tests; (4) accorded too much weight to Rojas's underlying offense conduct and his underlying lenient sentence; (5) accorded too much weight to the breach of trust already accounted for in the Guidelines policy statements; (6) failed adequately to explain how the sentence imposed was "sufficient, but not greater than necessary" as required by 18 U.S.C. § 3553(a); and (7) incorrectly based Rojas's sentence on an erroneous and disputed view of his underlying offense conduct. We review the procedural reasonableness of a sentence "under a deferential abuse-of-discretion standard."   United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted).   We identify no abuse here.

       Rojas's arguments challenging the weight afforded certain sentencing factors are defeated by precedent.  See United States v. Verkhoglyad, 516 F.3d 122, 131 (2d Cir. 2008) ("[T]he weight to be afforded any § 3553(a) factor 'is a matter firmly committed to

4

the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable.'" (quoting United States v. Fernandez, 443 F.3d 19, 32 (2d Cir. 2006))). First, the district court was required only to "consider" the policy statements' recommended three-to-nine month prison range, which it plainly did, rather than to accord it any particular weight. United States v. Pelensky, 129 F.3d 63, 69 (2d Cir. 1997); see 18 U.S.C. § 3553(a)(4)(B). Second, the district court adequately explained its reasons for varying above the range when it referenced the occurrence of Rojas's violation shortly after he was placed on supervised release, his pattern of missed drug tests, the breach of trust evident from a violation following a significant downward variance in the original sentence, and the need for specific deterrence. In these circumstances, no further explanation was required to ensure procedural reasonableness. See United States v. Verkhoglyad, 516 F.3d at 132–33 ("'[A] court's statement of its reasons for going beyond non-binding policy statements in imposing a sentence after revoking a defendant's [probationary] term need not be as specific as has been required when courts departed from guidelines that were, before Booker, considered to be mandatory'" (emphasis and alteration in original) (quoting United States v. Lewis, 424 F.3d 239, 245 (2d Cir. 2005))). Third, nothing in the record suggests that the district court afforded undue weight to Rojas's underlying offense conduct, and the district court was entitled to consider Rojas's underlying lenient sentence. Cf. U.S.S.G. § 7B1.4, cmt. n.4 (stating that "[w]here the original sentence was the result of a downward departure . . . , an upward departure may be warranted" in imposing sentence for violation of supervised release). Finally, the district court did not run afoul of United States v. Sindima, 488 F.3d 81 (2d Cir. 2007), because it

5

is clear from the record that the district court was not "sanctioning 'primarily the defendant's breach of trust.'" United States v. Verkhoglyad, 516 F.3d at 135 (quoting Sindima, 488 F.3d at 86).

Rojas's identification of error in the district court's purported failure to consider particular factors is similarly meritless. "'No robotic incantations are required to prove the fact of consideration,' and we will not assume a failure of consideration simply because a district court fails to enumerate or discuss each § 3553(a) factor individually." Id. at 131 (quoting United States v. Fernandez, 443 F.3d at 30). First, the district court did not err in failing to consider the need to avoid unwarranted sentencing disparities. The district court stated that it considered all § 3553(a) factors in determining the appropriate sentence, and was not required specifically to discuss each factor. See id. at 132–33. Moreover, during sentencing, Rojas's counsel presented a disparity argument, and nothing in the record indicates that the district court failed to consider it. See United States v. Fernandez, 443 F.3d at 29 ("[W]e entertain a strong presumption that the sentencing judge has considered all arguments properly presented to her, unless the record clearly suggests otherwise."). Second, Rojas never drew the district court's attention to the Application Note requiring consideration of substance abuse programs where a defendant on supervised release fails a drug test; accordingly, we review this claim solely for plain error. See United States v. Villafuerte, 502 F.3d 204, 208 (2d Cir. 2007). We find no plain error, as the district court based Rojas's sentence on many other factors in addition to the failed drug test, and, in view of his chronic failure to report for drug testing, was obviously not a good candidate for an abuse program.

6

Nor is there any merit in Rojas's argument that the district court based the challenged sentence on an erroneous view of his underlying offense conduct. Rojas did not dispute the Presentence Report's factual recitation of his offense conduct during his violation proceedings, and nothing in the record suggests that the district court based its sentence on any of the facts that Rojas now disputes. Moreover, Rojas's argument that the district court erroneously believed that he had distributed heroin is meritless, as the district court merely noted—accurately—that the overall conspiracy trafficked in both heroin and cocaine.

Accordingly, we conclude that the challenged sentence is not procedurally unreasonable.

        b.        Substantive Reasonableness

In arguing substantive unreasonableness, Rojas "bears a heavy burden because our review of a sentence for substantive reasonableness is particularly deferential." United States v. Broxmeyer, 699 F.3d 265, 289 (2d Cir. 2012). We will set aside a sentence on substantive grounds "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted). That is not this case.

Rojas argues that his 24-month sentence was substantively unreasonable in light of, inter alia, the three-to-nine month Guidelines range, his contention that most offenders with similar supervision violations do not receive comparable jail sentences, and his lack of other positive drug tests. We are not persuaded. We have previously affirmed sentences substantially above a policy statement's recommended range where

7

circumstances warranted. See, e.g., United States v. Verkhoglyad, 516 F.3d at 134; United States v. Fleming, 397 F.3d 95, 100 (2d Cir. 2005). Here, Rojas's challenged sentence fell within the broad range of reasonable sentences in light of his repeated failures to appear for drug tests as required by the Probation Department, his cocaine use shortly after beginning supervised release, and the significant leniency he received on his underlying sentence. In sum, because Rojas's sentence was neither "shockingly high, shockingly low, [n]or otherwise unsupportable as a matter of law," United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009), we cannot conclude that it was substantively unreasonable.

4. Conclusion

We have considered Rojas's remaining arguments and conclude that they are without merit. Therefore, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court